UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREW J. SMITH, *pro se*,
    *Plaintiff*

v.

PETER F. NERONHA; and, GINA RAIMONDO,
    *Defendants*

C.A. No. 1:19-cv-00029-JJM-LDA

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Rhode Island Attorney General Peter F. Neronha (hereinafter, "Attorney General") and Governor Gina M. Raimondo (hereinafter, "Governor Raimondo") (hereinafter collectively, the "State" or "State Defendants"), hereby file this Memorandum of Law in Support of State Defendants' Motion to Dismiss the Complaint, ECF 1, of Andrew J. Smith (hereinafter, "Smith" or "Plaintiff") in the above-captioned civil action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds therefore, the State asserts that Plaintiff's Complaint challenges the validity of a pending state criminal charge and should be dismissed under the Younger doctrine; State Defendants are absolutely immune from suit; and fails to state a claim upon which relief may be granted.

### INTRODUCTION

Plaintiff is well-known to this Court, as prior to the instant civil action, Plaintiff has filed a number of federal actions requesting that the State be enjoined from invading his constitutional rights, including in relation to pending criminal charges and other state court proceedings.[1] The

---

[1] These cases include, Smith v. State of RI, No. 1:17-cv-480-JJM-PAS; Smith v. State of RI, 1:17-cv-525-JJM-LDA; Smith v. Federal Bureau of Investigations and State of RI, No. 1:18-cv-00013-

1

instant Complaint, ECF 1, incorporates facts from pending Rhode Island state cases, including a state criminal charge for breaking and entering in violation of R.I. Gen. Laws § 11-8-2, which is pending before the Rhode Island Superior Court, see State of Rhode Island v. Andrew J. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015), as well as a divorce proceeding before the Rhode Island Family Court. See Smith v. Smith, No. P20142875 (R.I. Fam. Ct., filed Nov. 11, 2014) (*appeal pending* Smith v. Smith., No. SU20180248A (R.I., filed July 6, 2018)). Although some of the facts are recounted in the Complaint, this Court can take judicial notice of the facts developed in the state and federal court proceedings.[2] Smith now seeks to attack – and asks this Court to enjoin – the pending criminal proceeding against him, by challenging R.I. Gen. Laws § 11-8-2 in the instant federal action.

---

JJM-PAS; Smith v. Hon. Alan R. Goulart, No. 1:18-cv-00020-WES-LDA; Smith v. State of RI, 1:18-cv-00027-JJM-LDA; Smith v. State of Rhode Island, No. 1:18-cv-00621-WES-LDA; and, Smith v. State of RI, RI Family Ct., and RI Supreme Ct., No. 1:18-cv-00370-WES-LDA. Each of these cases have been dismissed by this Court.

[2] This Court may consider matters of public record, including documents from other court proceedings, without being required to convert a Motion to Dismiss into a Motion for Summary Judgment. See In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); see also Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000). Additionally, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see also Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allows a court considering a Motion to Dismiss to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice").

## FACTUAL BACKGROUND

On January 16, 2015, Andrew J. Smith and his estranged wife Terry Ann Smith (hereinafter, "Ms. Smith") were in the midst of a divorce. See ECF 1, at 2[3]. During a January 16, 2015 hearing on the Motions for Temporary Allowances before the Rhode Island Family Court, counsel for Ms. Smith stated on the record:

> The parties have agreed that the wife is going to be awarded the temporary exclusive use and possession of the marital home located at * * * Cranston, Rhode Island. There are two sheds on the property that Mr. Smith will continue to have access to to obtain his tools and equipment that's in the property, but as far as the marital domicile itself, Ms. Smith will have the use and possession of the same.

See ECF 1, at 8-9; see also Jan. 16, 2015 Hr'g Tr. before Hon. Gil, Mag., at 1:17-2:03, Smith v. Smith, No. P2014-2875 (R.I. Fam. Ct., filed Oct. 9, 2015), attached hereto as Exhibit 1.[4] The Family Court then reviewed the agreement and insured that all parties fully understood and agreed to the terms. Ex. 1, at 4:20-7:01. The court concluded that the foregoing was ". . . an order of the court as of [January 16, 2015]" (hereinafter "January Order"). Ex. 1, at 6:25-7:01. The January Order was in effect at the time a break-in occurred on or about February 27, 2015. See ECF 1, at 1, 8-10; Nov. 10, 2016 Hr'g Tr. before Hon. Taft-Carter, J., at 10:18-25-11:04, 11:19-12:01, Rhode

---

[3] For the sake of clarity, because Plaintiff's Complaint fails to include numbered paragraphs, in violation of Fed. R. Civ. P. 10(b), State Defendants will refer to the page numbers contained in Plaintiff's Complaint.

[4] State Defendants respectfully request that this Court take judicial notice of the January 16, 2015 hearing. The hearing transcript is as a public record, filed by the Rhode Island Family Court, and therefore a document susceptible to judicial notice. See In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

Island v. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015), attached hereto as Exhibit 2.[5]

On March 6, 2015, Cranston Police began an investigation into the February 27, 2015 break-in, which yielded sufficient evidence to support probable cause that Smith had broken into the marital home without Ms. Smith's knowledge or consent. Cranston Police subsequently obtained a warrant and arrested Smith on May 8, 2015 for unlawful breaking and entering. See ECF 1, at 1; Ex. 2 at 11:11-11:18. A criminal complaint against Smith was filed by Cranston Police on October 9, 2015 in Sixth Division District Court and the Attorney General filed a criminal information, in Rhode Island Superior Court on October 15, 2015, formally charging Smith with breaking and entering in violation of R.I. Gen. Laws §§ 11-8-2 and 12-29-5.

## PROCEDURAL BACKGROUND

### A. The Instant Federal Complaint

On February 12, 2019, Plaintiff Andrew J. Smith, *pro se*, filed what he describes as a complaint to "ethically enjoin [the Defendants] from invading [the] Plaintiff's preserved Federal Fourth and Fifth amendment inviolate Constitutional Rights" (hereinafter the "Complaint"). The Complaint alleges myriad allegations, ranging from "maintenance extortion" by his estranged wife to "liability for contracts or torts of husband and wife."[6] See ECF 1, at 3. The only discernable claim in the Complaint against the State seeks to challenge the pending criminal charges filed against Smith on the basis that: (1) Plaintiff cannot be charged with breaking and entering into his

---

[5] State Defendants respectfully request that this Court take judicial notice of the November 10, 2016 hearing. The hearing transcript is as a public record, filed by the Rhode Island Superior Court, and therefore a document susceptible to judicial notice. See In Re Colonial Mortgage Bankers Corp., 324 F.3d at 15.

[6] Ms. Smith is not named as a party to this action.

4

"legally owned and deeded home;" and (2) the breaking and entering statute, R.I. Gen. Laws. § 11-8-2, is "fatally deficient" in that it does not provide the two necessary elements necessary to define a crime, the prohibited conduct and associated penalty. See ECF 1, at 2. These claims cannot survive this Motion as they seek an injunction against the above-described pending criminal prosecution.

### B. The Pending Superior Court Criminal Prosecution, State of Rhode Island v. Andrew J. Smith, P2-2015-3245ADV.

Throughout the pending criminal case, Plaintiff has availed himself of almost every conceivable motion possible, which has caused substantial delays in his prosecution. See State of Rhode Island v. Andrew J. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015). Most importantly, on March 25, 2016, Plaintiff filed a Motion to Dismiss for lack of probable cause under R.I. R. Crim. Pro. 9.1, asserting arguments that mirror the instant complaint. Justice Taft-Carter denied the motion.

Thereafter, on December 14, 2016, Plaintiff filed a Petition for Writ of Certiorari with the Rhode Island Supreme Court, requesting interlocutory review of the Superior Court's order denying Smith's Motion to Dismiss. See State of Rhode Island v. Andrew J. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015), *cert. denied*, (R.I. March 20, 2017). The Supreme Court denied the petition on March 20, 2017. See Order entered Mar. 20, 2017, State of Rhode Island v. Andrew J. Smith, No. 13-357-M.P. (R.I. Supreme Ct. filed Dec. 14, 2016).

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The pleadings need not contain "detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss a complaint, the Court "must construe the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts as true, and giving the Plaintiff the benefit of all reasonable inferences. Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002). The court is not required to accept conclusions or interpretations of law unsupported by the facts alleged. Estate of Bennett v. Wainwright, 548 F.3d 155, 162 (1st Cir. 2008). Similarly, speculative labels are insufficient; a plaintiff must plead specific facts showing a legal right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, the Court ignores "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Generally, *pro se* plaintiffs' pleadings are held to less stringent standards than those of lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the First Circuit has "required even *pro se* plaintiffs to plead specific facts backing up their claims of civil rights violations." Glaros v. Perse, 628 F.2d 679, 684 (1st Cir. 1980).

For purposes of Rule 12(b)(6), while the court may draw upon experience and common sense, the court is limited to consider only those matters contained within the pleadings. Fed. R. Civ. P. 12(d). Matters contained within the pleadings include "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. US Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (citing Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005)). The reviewing court need not, however, consider

6

new factual allegations set forth in the plaintiff's opposing memorandum because "[a]ssertions in an opposition to a motion [to dismiss] are not the equivalent of factual pleadings … and would deprive the defendant[ ] of clear notice of the allegations...." Emrit v. Universal Music Grp., Inc., No. CA 13-181-ML, 2013 WL 3730423, at *1 (D.R.I. July 12, 2013) (quoting Steele v. Turner Broadcasting System, Inc., 607 F.Supp.2d 258, 263 (D.Mass.2009)); see also In re Loestrin 24 Fe Antitrust Litig., 814 F.3d 538, 549 (1st Cir. 2016) (dismissal under Rule 12(b)(6) is reviewed de novo). Courts have made narrow exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3.

**ARGUMENT**

I. **YOUNGER ABSTENTION APPLIES TO BAR THE INSTANT FEDERAL CAUSE OF ACTION, AS PLAINTIFF HAS A CRIMINAL CASE PENDING IN RHODE ISLAND SUPERIOR COURT.**

As described above, Smith asks this Court to "ethically enjoin [the Defendants] from invading [the] Plaintiff's preserved Federal Fourth and Fifth amendment inviolate Constitutional Rights." ECF 1, at 1. The Complaint alleges that Defendants "are constitutionally required to quash and vacate [ ] Plaintiff's 11-8-2 breaking and entering charge because the … statute is fatally deficient and flawed…[,]" and "Plaintiff cannot be [ ] criminally charged with trespass on his legally deeded property…." Id. at 2. Because the instant federal case directly involves a pending state criminal matter, during which Plaintiff has already raised the same constitutional argument as a defense (which was rejected), Younger abstention is appropriate, and the Complaint must be dismissed.

Generally speaking, federal courts have a "virtually unflagging" obligation to hear and decide cases. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 77 (2013) ("Federal courts … have

7

'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'") (quoting Cohens v. Virginia, 19 U.S. 264 (1821)). The Younger abstention doctrine is a "'far-from-novel' exception to this general rule." Sprint Commc'ns, Inc., 571 U.S. at 77. The U.S. Supreme Court has repeatedly recognized the tensions inherent in parallel judicial processes at the state and federal levels and has outlined situations where the "the prospect of undue influence with state proceedings counsel against federal relief" and the exercise of federal jurisdiction. See Sprint Commc'ns, Inc., 571 U.S. at 78. Three categories of parallel cases "define Younger's scope": (1) state criminal proceedings, such as "ongoing state criminal prosecutions", see Younger v. Harris, 491 U.S. 37 (1971); (2) quasi-criminal state "civil enforcement proceedings" such as nuisance violations, see Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975); and, (3) and quasi-criminal state "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions" such as civil contempt cases, see Juidice v. Vail, 430 U.S. 327, 336, n. 12 (1977). See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. at 78 ("we today clarify and affirm that Younger extends to the three 'exceptional circumstances' identified in NOPSI, but no further") (citing New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 368 (1989) [hereinafter, "NOPSI"]).

Accordingly, when faced with a Younger scenario:

> a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit.

Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Sprint

8

Commc'ns, 571 U.S. at 72; Jobs First Indep. Expenditure Political Action Committee v. Coakley, 66 F. Supp. 3d 253, 258 (D. Mass. 2014) (citing Maymo–Melendez v. Alvarez–Ramirez, 364 F.3d 27, 32 (1st Cir. 2004)). In fact, as the First Circuit has recognized, federal courts must "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases); see also Ford Motor Co. v. Meredith Motor Co., 257 F.3d 67, 71 n. 3 (1st Cir. 2001) (recognizing that district courts may raise Younger abstention issues *sua sponte*).

The instant federal case falls squarely within the bounds of Younger and follows the same general fact pattern. The state criminal action against Smith, Rhode Island v. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015), preceded the instant federal action and was pending at the time Smith filed the Complaint. Smith was arrested and charged under a state criminal statute, R.I. Gen. Laws § 11-8-2, for unlawfully breaking and entering into a dwelling. See id. Just as in Younger, Smith seeks to enjoin a pending state criminal proceeding, Rhode Island v. Smith, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015), on the basis that the criminal statute that Smith is charged with violating, R.I. Gen. Laws § 11-8-2, is unconstitutional. See ECF 1, at 1. It is axiomatic that Smith's requested relief—that the Attorney General be enjoined from prosecuting the pending state criminal proceeding against Smith—satisfies the prerequisites to invoke Younger abstention. See 401 U.S. at 46-49.

The criminal proceedings alleged in the Complaint are inherently judicial in nature, implicate important state interests associated with the State's administration of its criminal laws, afford Smith an adequate opportunity to raise federal constitutional challenges (which he did), and allow Smith to advocate for pretrial release or dismissal on the same grounds as he would cite before this Court. See Jobs First Indep. Expenditure Political Action Committee, 66 F. Supp. 3d at

258. The Complaint does not allege any facts to overcome the presumption that the Superior Court of Rhode Island will safeguard any constitutional rights that Smith, or his attorney, may assert in the pending state criminal proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."). Even if Smith did make such claims, those allegations would be the type of conclusory, vapid allegations that permeate the entirety of the Complaint. See McKenna v. DeSisto, No. 11-CV-602-SJM-LM, 2012 WL 4486268, at *4 (D.R.I. Sept. 27, 2012) ("Absent some clear reason to think otherwise, the court must and does assume that state procedures will afford an adequate remedy."). Moreover, there are no extraordinary circumstances present, "where the danger of irreparable loss is both great and immediate." See Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 41 (1st Cir. 2012). Despite Smith's claims that R.I. Gen. Laws § 11-8-2 is unconstitutional on its fact, see ECF 1, at 1, the U.S. Supreme Court has "unequivocally held that facial invalidity of a statute is not itself an exceptional circumstance justifying federal interference with state criminal proceedings." Huffman v. Pursue, Ltd., 420 U.S. 592, 602 (1975).

Thus, because Smith directly challenges the validity of a parallel, pending state criminal proceeding against him, Younger abstention is required. See Sprint Commc'ns, 571 U.S. at 72 ("Younger exemplifies one class of cases in which federal abstention is *required*: When there is a parallel, *pending state criminal proceeding*, federal courts must refrain from enjoining the state prosecution.") (*emphases added*). Therefore, the Complaint must be dismissed.

II.   **PLAINTIFF'S CLAIM FOR DAMAGES IS BARRED.**

Plaintiff's Complaint fails to state a cause of action and claims only that State Defendants violated his Federal Fourth and Fifth Amendment Constitutional Rights. Furthermore, even assuming *arguendo* that the statutory vehicle through which Plaintiff seeks to assert his constitutional claims is 42 U.S.C. § 1983, any claim for damages against the State or its officers in their official capacities is barred as a matter of law. See Will v. Michigan Department of State Police, 491 U.S. 58, 62-71 (1989) (holding that states are not "persons" within the meaning of 42 U.S.C. §1983). Additionally, Plaintiff is barred from bringing damage claims related to his arrest and prosecution until after the pending criminal proceedings have been resolved in his favor. See Heck v. Humprhy, 512 U.S. 477 (1994) ("Plaintiff must prove that *conviction or sentence* has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus" before damages may be awarded) (*emphasis added*). Accordingly, any claim for damages against the State Defendants should therefore be dismissed.

### III. THE COMPLAINT FAILS TO ALLEGE A CAUSE OF ACTION AGAINST THE GOVERNOR.

Plaintiff's Complaint substantively mentions the Governor in only one instance: where it requests that Governor Raimondo "take care that the Legislative enacted laws of the State of RI and the Fourth and Fifth Amendments of the Federal United States Constitution be faithfully executed. RI Constitution and legislative laws in this case are not being faithfully executed." ECF 1, at 4. Even in the context of Governor Raimondo's official duties, this allegation makes little sense, as the Governor of Rhode Island has no constitutional authority to prosecute criminal violations or intervene in a criminal proceeding brought by the Attorney General. See R.I. Const. Art. I, sec. 7. As such, Smith raises no justiciable claim against Governor Raimondo.

IV.   **THE ATTORNEY GENERAL AND GOVERNOR ARE ABSOLUTELY IMMUNE FROM SUIT.**

Although the Supreme Court has been "quite sparing" in its grant of absolute immunity, Forrester v. White, 484 U.S. 219 (1988), the Court has recognized that "there are some officials whose special functions require a full exemption from liability." Butz v. Economou, 438 U.S. 478 (1977). "Prosecutors, for example, are absolutely immune for actions, taken as advocates for the State, which are closely associated with the judicial process such as initiating and pursuing a criminal prosecution". Knowlton v. Shaw, 704 F.3d 1, 5 (1st Cir. 2013) (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). Here, as expressly mandated by the Rhode Island Constitution and Rules of Criminal Procedure, Smith was charged in Rhode Island Superior Court, by written information executed by a designated assistant attorney general. See R.I. Const. Art. I, sec. 7 ("no person shall be held to answer for any other felony unless on presentment or indictment by a grand jury or on information in writing signed by the attorney-general or one of the attorney-general's designated assistants, as the general assembly may provide and in accordance with procedures enacted by the general assembly.")

Here, the Attorney General has, and still is, prosecuting Plaintiff for violating R.I. Gen. Laws § 11-8-2. Similarly, the above-quoted allegations against Governor Raimondo clearly refer to her executive powers in the enforcement of laws. ECF 1, at 4. As such, the Governor's role in the enforcement of laws should be held akin to the prosecutor's role, as her role is "closely associated with the judicial process." Knowlton 704 F.3d at 5. As such, the law simply does not allow suit to be brought against Defendants for performing their traditional prosecutorial functions and therefore this case should be dismissed.

V.   **RHODE ISLAND GENERAL LAWS § 11-8-2 IS NOT FACIALLY UNCONSTITUTIONAL.**

Plaintiff contends that R.I. Gen. Laws § 11-8-2 is facially unconstitutional because it is "fatally deficient and flawed in legislative respect to not providing the two material elements necessary to define a crime[,]" that is, the prohibited conduct and penalty. ECF 1, at 2. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salnero, 481 U.S. 739 (1987); see also Turner Broad. Sys., Inc. v. F.C.C., 507 U.S. 1301, 1301, 113 S. Ct. 1806, 1807, 123 L. Ed. 2d 642 (1993) (holding all acts of Congress are presumptively constitutional).

Smith's contention that R.I. Gen. Laws § 11-8-2 does not identify the "prohibited conduct" and a "penalty" is absurd. The plain language of the statute clearly states:

> "[e]very person who **shall break and enter** . . . any dwelling house or apartment . . . without the consent of the owner or tenant . . . **shall be imprisoned** for not less than two (2) years and not more than ten (10) years for the first conviction . . . **or fined** not more than ten thousand dollars ($10,000), **or both**."

R.I. Gen Laws § 11-8-2 (*emphases added*). There is absolutely nothing in this statute that is unclear. Moreover, Plaintiff has failed to prove that there are zero circumstances under which this statute would be invalid, let alone even one circumstance where this statute would not be valid. To the contrary, the Rhode Island's highest court has already spoken on the issue.

The Rhode Island Supreme Court, in Horton v. Portsmouth Police Dep't, has already discussed the issue of whether a person can be "arrested, prosecuted, and imprisoned" for breaking and entering, in violation of R.I. Gen. Laws § 11-8-2, where the person is the owner of the property, but lacks the consent of the tenant or resident in possession of the property at the time the crime was committed. 22 A.3d 1115, 1121, 1127 (R.I. 2011). In Horton, during the pendency of the

plaintiff's divorce from his wife, the Rhode Island Family Court issued an order permitting the couple "to share the same dwelling" but "assigned [them] separate living areas" Id. at 1119. Throughout the divorce proceedings, Horton was arrested multiple times and charged for various offenses, including for allegedly breaking and entering into his wife's designated living area, in violation of the family court order. Id. at 1128. The Attorney General eventually dismissed the breaking and entering charge and Horton filed a complaint against the City and the State, claiming that the Portsmouth Police and the Attorney General lacked probable cause to arrest and prosecute him under R.I. Gen. Laws § 11-8-2 because he owned the property. Id. at 1127-28. The defendants moved for summary judgement, which the motion judge granted and held that Horton's "intrusion into [Ms. Horton's] apartment without her permission and under the terms of the … order granting [her] exclusive use and occupancy of this area, constituted an unlawful breaking and entering."[7] Id. at 1128. On appeal, the Rhode Island Supreme Court unanimously affirmed the decision, holding that the police had probable cause to arrest and prosecute the plaintiff for breaking and entering under § 11–8–2, because the plaintiff entered a judicially designated living area without the consent of the tenant (Ms. Horton). Id. at 1128. The Supreme Court reasoned that the defendants had "reasonable grounds for a belief that" Ms. Horton was the tenant of her designated living area within the home and that Horton had engaged in the criminal activity of breaking and entering into an apartment without her consent, and therefore "that the plaintiff did not sustain his heavy burden to demonstrate a lack of probable cause to arrest and prosecute for breaking and entering and violating the no-contact order". Id. at 1128.

---

[7] The motion judge also noted that "although probable cause may not have existed to support a 'willful[] violat[ion],' the statute under which plaintiff was charged [R.I. Gen. Laws § 11-8-2] required only that [Horton] had notice of the order and that he violated it, which he did when he entered [his wife]'s living area." Horton, 22 A.3d at 1128.

Here, at the November 10, 2016 hearing before Justice Taft-Carter on Smith's R.I. R. Crim. P. 9.1 Motion to Dismiss, Smith argued the same defense he does now—the same defense asserted by the plaintiff in <u>Horton</u>—that the Attorney General cannot prosecute Smith for violating R.I. Gen. Laws § 11-8-2 because he has an ownership interest in the marital domicile of which he is accused of unlawfully breaking into. <u>See</u> ECF 1, at 5; <u>Horton</u>, 22 A.3d at 1127-28. The court denied Smith's motion and determined that the charge against Smith was adequately supported by probable cause because there was a Rhode Island Family Court order awarding Smith's wife exclusive use and possession of the marital domicile. <u>See</u> Order entered Nov. 28, 2016, <u>State of Rhode Island v. Andrew J. Smith</u>, No. P2-2015-3245ADV (R.I. Super. Ct., filed Oct. 9, 2015). Specifically, the court found that:

> It is clear that the defendant [Smith] at that time and by agreement was an owner of the property. However, there were orders awarding his wife the temporary, exclusive possession of the marital domicile. He [Smith] had notice of the orders.
>
> * * * *
>
> There is clearly sufficient evidence in this case to warrant that a crime had been committed. The defendant [Smith], although he argued that he was an owner of the property, there was an order clearly stating that his wife had the exclusive use and possession of the marital domicile. And she in fact was the person who had sole possession of the marital domicile. And therefore, I am going to deny the defendant's motion.

<u>See</u> <u>Ex. 2</u>, at 11:05-10, 11:19-12:01.[8] In consideration of the Rhode Island Supreme Court's decision in <u>Horton</u> and Justice Taft-Carter's denial of Smith's Rule 9.1 motion to dismiss, although not ultimately conclusive, the existence of such state court precedent at least dispels any argument

---

[8] To the extent that Plaintiff contests the Superior Court's finding of probable cause, Plaintiff is collaterally estopped from relitigating the issue.

15

that R.I. Gen. Laws § 11-8-2 is unconstitutional. <u>Cf</u> <u>McKenna v. Powell</u>, No. CA 10-017ML, 2010 WL 2474037, at *5 (D.R.I. Apr. 28, 2010), *report and recommendation adopted,* No. CA 10-017 ML, 2010 WL 2346619 (D.R.I. June 9, 2010), *aff'd,* 631 F.3d 581 (1st Cir. 2011). Therefore, because Plaintiff has not met his heavy burden in establishing unconstitutionality of the R.I. Gen. Laws § 11-8-2, the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that this action be dismissed.

        Respectfully Submitted,

        Defendants,
        PETER F. NERONHA, in his individual and official capacities; and GINA RAIMONDO in her official capacity only
        By their attorney,

        PETER F. NERONHA
        ATTORNEY GENERAL

        */s/ Justin J. Sullivan*
        Justin J. Sullivan, Esq. (#9770)
        Special Assistant Attorney General
        Rhode Island Office of the Attorney General
        150 S. Main St., Providence, RI 02903
        Tel: (401) 274-4400 | Ext. 2007
        jjsullivan@riag.ri.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on Friday, March 15, 2019 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Friday, March 15, 2019  I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Andrew J. Smith, pro se (ID#152162)
Medium Security BR-5B
P.O. Box 8274
Cranston, RI 02920

                                                                 */s/ Taylor O'Brien*