UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANDREW J. SMITH,
    Plaintiff,

v.

PETER F. NERHONA and GINA
RAIMONDO,
    Defendants.

C. A. No. 19-029-JJM-LDA

## ORDER

Andrew J. Smith's Complaint states no claim upon which relief can be granted. This Court therefore GRANTS Defendants' Motion to Dismiss the Complaint. ECF No 10.

Andrew Smith argues he was deprived of certain constitutional and procedural rights and asks this Court for an injunction against Rhode Island Attorney General Peter F. Neronha and the Governor of Rhode Island Gina Raimondo to "delay [his] trial." ECF No. 1 at 4.

Mr. Smith has asked this Court, without success, to intervene in his pending state court matters. *See* Order, *Smith v. Rhode Island*, No. 17-480-JJM-PAS (D.R.I. Oct. 24, 2017); and Order, *Smith v. Rhode Island*, No. 17-525-JJM-LDA (D.R.I. Nov. 16, 2017). In those case Mr. Smith sought monetary damages from the State of Rhode Island for alleged violations of his constitutional rights during his Family Court

Court proceedings and to enjoin his criminal court proceedings. For the same reasons as stated in those Orders, the Court must again dismiss Mr. Smith's new action.

Under the doctrine espoused by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Courts may abstain from hearing a matter under the *Younger* doctrine where "(1) the requested relief would 'interfere with . . . ongoing state judicial proceedings;' (2) such proceedings 'implicate important state interests;' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Sam M. ex rel. Elliott v. Chafee*, 800 F. Supp. 2d 363, 377 (D.R.I. 2011) (quoting *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007)). Enjoining pending state criminal proceedings satisfies the first two prongs. *See Younger*, 401 U.S. at 46–49. Furthermore, Mr. Smith will have an adequate opportunity in the state proceedings to raise his constitutional challenges on appeal to the Rhode Island Supreme Court.

For these reasons, the Court must abstain under *Younger*, and the Court GRANTS Defendants' Motion to Dismiss. ECF No. 10.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

April 9, 2019